# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**RICKY ARCHER**  PETITIONER

**V.**  **CIVIL ACTION NO.: 4:15CV101-SA-SAA**

**MARSHALL L. FISHER and**
**JIM HOOD**  **RESPONDENTS**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* petition of Ricky Archer, Mississippi prisoner # 33162, for a writ of habeas corpus under 28 U.S.C. § 2254. Respondents have moved to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244, and Petitioner has responded. For the reasons set forth below, Respondents' motion is granted, and the instant petition is dismissed with prejudice.

### Facts and Procedural History

Ricky Archer was convicted of fondling and the statutory rape of his daughter in the Circuit Court of Leflore County, Mississippi. By sentencing order filed April 9, 2010, he was sentenced to serve a sixteen-year term of incarceration followed by four years of post-release supervised probation on the statutory rape count, and a concurrent term of two years on the fondling count. *See* Mot. to Dismiss, Ex. A. With the assistance of counsel, Archer appealed the judgments of conviction and sentences to the Mississippi Supreme Court, which affirmed the circuit court's judgment. *See id.*, Ex. B; *see also Archer v. State*, 118 So. 3d 612 (Miss. App. 2013), *reh'g denied*, April 9, 2013, *cert. denied*, July 18, 2013 (Cause No. 2010-KA-01127-COA). Archer did not seek certiorari review with the United States Supreme Court.

Thereafter, on December 15, 2014, Archer signed an application to proceed on a motion

for post-conviction relief that was stamped "filed" with the Mississippi Supreme Court on December 18, 2014. *See id.*, Ex. C. The Mississippi Supreme Court denied the application by order filed February 4, 2015. *Id.*, Ex. D (Cause No. 2014-M-1767). Archer then filed a "Motion for Post-Conviction Collateral Relief En Banc" with "Application for Leave to Proceed in the Trial Court," which was stamped filed on April 26, 2015. *Id.*, Ex. E. By order filed June 2, 2015, the Mississippi Supreme Court denied the motion as a successive writ and otherwise as without merit. *Id.*, Ex. F (Cause No. 2014-M-01767). Archer subsequently filed a "Writ of Certiorari Review," which the court treated as a motion for reconsideration and denied pursuant to Mississippi Rule of Appellate Procedure 27(h).[1] *Id.*, Ex. G.

Archer signed his petition for federal habeas relief on August 6, 2015, and the petition was stamped "filed" in this Court on August 10, 2015. *See* ECF No. 2.

## Legal Standard

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondents' motion should be granted turns on the statute's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] This rule holds that "rulings on petitions for post-conviction relief are not subject to reconsideration." M.R.A.P. 27(h).

2

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

## Discussion

A state court judgment generally becomes final "upon denial of certiorari by the Supreme Court or expiration of the period" of time to seek it. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). Because Archer did not seek certiorari review, his judgment became "final" for purposes of the AEDPA on October 16, 2013— ninety days after his convictions and sentences reached a final decision in State court (July 18, 2013 plus 90 days).[2] *See* 28 U.S.C. § 2101; *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (holding that when a petitioner does not pursue direct review all the way to the Supreme Court, "the judgment becomes final at the 'expiration of the time for seeking such review'— when the time for pursuing direct review in this Court, or in

---

[2] The exceptions of § 2244(d)(1)(B-D) are inapplicable in this case.

3

state court, expires"). Therefore, unless Archer filed a "properly filed" State post-conviction application as contemplated by 28 U.S.C. § 2244(d)(2) on or before October 16, 2014, to toll the limitations period, his habeas petition was filed too late.

Archer did not initially file for post-conviction relief in State court until December 15, 2014. Because his State court petitions for post-conviction relief were filed after the expiration of the federal limitations, he is not entitled to statutory tolling during the pendency of these actions. *See* 28 U.S.C. § 2244(d)(2).

Archer's federal habeas petition was "filed" sometime between when it was signed on August 6, 2015, and when it was stamped as filed in this Court on August 10, 2015. *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (holding that the "mailbox rule" deems a *pro se* prisoner's petition filed on the date it is delivered to prison officials for mailing). Either date is well past the expiration of the federal deadline.

Archer claims that the Court must review the merits of his claims, as he is actually innocent of the crime of conviction. The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar. . . or, as in this case, expiration of the statute of limitations.*" McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The requirement of "proof" is not met, however, unless the petition "persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (citation omitted). Archer's daughter, the victim in this case, testified that Archer had sex with her, and that testimony was corroborated by her two sisters, who were eyewitnesses to the crimes. *See Archer v. State*, 118 So. 3d at 617. Therefore, the Court determines that Archer's allegations of

4

innocence are conclusory, and he has failed to demonstrate that he is actually innocent of the crime of conviction.

Accordingly, federal habeas relief is available to Archer only if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant an equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted). Archer's imprisonment and/or unfamiliarity with the law is insufficient reason to warrant equitable tolling. *See Felder*, 204 F.3d at 172 and n.10; *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (equitable tolling is not required simply because a petitioner is unfamiliar with the law, is unrepresented, or is illiterate). Rather, equitable tolling is available "if the [petitioner was] actively misled by the defendant about the cause of action or [was] prevented in some extraordinary way from asserting his rights." *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citations omitted). There is no reasonable basis before the Court to conclude that either circumstance is applicable to Archer's delay. Therefore, the Court determines that Archer is not entitled to equitable tolling of the limitations period. Respondents' motion will be granted, and the petition will be dismissed as untimely.

## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner. Archer must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because the instant petition is rejected on procedural grounds, Archer must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling" in order for a COA to issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied in this case.

## Conclusion

For the reasons set forth herein, the Court **GRANTS** Respondents' "Motion to Dismiss Pursuant to § 2244(d)" [17] and **DISMISSES** with prejudice the petition filed in this cause. The Court further **DENIES** Archer a certificate of appealability, and **DISMISSES** any pending motions as moot.

**SO ORDERED** this the 8th day of January, 2016.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**